# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PNC BANK, N.A. ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 877 |
| ) | |
| v. ) | |
| ) | Hon. David H. Coar |
| SCALA PACKING COMPANY, ) | |
| INC., a Corporation ) | Mag. Judge Sidney I. Schenkier |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Defendant, SCALA PACKING COMPANY, INC., a Corporation ("Scala"), by its attorneys, Arnstein & Lehr LLP, for its Answer to Plaintiff's First Amended Complaint states as follows:

1.  Jurisdiction of this Court is conferred by 28 U.S.C. §1332.

**ANSWER:** Scala lacks knowledge sufficient to admit or deny the citizenship of Plaintiff, and therefore denies the allegations of Paragraph One (1).

2.  The Defendant, Scala Packing Company, Inc., is a citizen of Illinois and a resident of this Judicial District. The Defendant is an Illinois Corporation with its principal place of business in the State of Illinois.

**ANSWER:** Scala admits the allegations of Paragraph Two (2).

3.  The Plaintiff, PNC Bank, N.A., is a Pennsylvania corporation with its principal place of business in the state of Pennsylvania.

**ANSWER:** Scala lacks knowledge sufficient to admit or deny the allegations of Paragraph Three (3), and therefore denies them.

4.  The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**ANSWER:** Scala admits that the Complaint alleges that the amount in controversy exceeds $75,000.00 exclusive of interest and costs, but denies the remaining allegations of Paragraph Four (4).

5. That by reason of a certain Collateral Assignment Agreement dated September 26, 2006, a copy of which is attached as Exhibit '1', the Plaintiff, PNC Bank, N.A., is the assignee for value of certain contracts made and entered into between Cattleman's Meat Company, a Michigan corporation and the Defendant, Scala Packing Company, and in particular: (A) a "Credit Extension Agreement" dated January 31, 2006; (B) Security Agreement dated January 31, 2006; and (C) Associated U.C.C. Financing Statement filed with the Secretary of State of the State of Illinois on February 14, 2006. (Said contracts are attached as Group Exhibit '2').

**ANSWER:** Scala lacks knowledge sufficient to admit or deny the allegations of Paragraph Five (5) and therefore denies them.

## COUNT I
## Suit on Credit Extension Agreement

6. The Plaintiff restates, realleges, and reaffirms paragraphs 1-5 of the General Allegations as paragraph 1-5 of Count I.

**ANSWER:** Scala restates and realleges its responses to Paragraphs One (1) through Five (5) of the General Allegations as its responses to Paragraphs One (1) through Five (5) of Count I.

7. That on January 31, 2006, the effective date of the Credit Extension Agreement (Exhibit '2A'), the Defendant was indebted to Plaintiff's assignor in the amount of $386,281.00.

**ANSWER:** Scala lacks knowledge sufficient to admit or deny the allegations of Paragraph Seven (7) and therefore denies them.

8. That as per the terms of the Agreement, Plaintiff's assignor extended future credit advances to the Defendant in the amount of $501,672.42, as more fully set out on the itemized Statement of Account attached hereto as Exhibit '3'.

**ANSWER:**   Scala lacks knowledge sufficient to admit or deny the allegations of Paragraph Eight (8) and therefore denies them.

9.   That after giving the Defendant credit for all payments on account, there remains a principal balance due and owing from the Defendant in the amount of $816,721.42.

**ANSWER:**   Scala lacks knowledge sufficient to admit or deny the allegations of Paragraph Nine (9) and therefore denies them.

10.   That by reason of the Defendant's failure to make timely monthly payments, the Defendant is in default under the terms of the Credit Extension Agreement.

**ANSWER:**   Scala admits the allegations of Paragraph Ten (10).

11.   That the Plaintiff's assignor and the Plaintiff have performed all conditions precedent required of them under the Credit Extension Agreement but the Defendant, after due notice, continues to be in default.

**ANSWER:**   Scala lacks knowledge sufficient to admit or deny the allegations of Paragraph Eleven (11) and therefore denies them.

12.   That by reason of the terms of the Credit Extension Agreement, Plaintiff is entitled to interest on the unpaid balance from May 1, 2006 in an amount two percentage points over the prime rate, said amount of Interest to be determined at the time judgment is entered against the Defendant in this lawsuit.

**ANSWER:**   Scala denies the allegations of Paragraph Twelve (12).

13.   That per the terms of the Credit Extension Agreement, the Plaintiff is entitled to reasonable attorneys' fees incurred in collecting or attempting to collect the amount due from the Defendant.

**ANSWER:**   Scala admits the allegations of Paragraph Thirteen (13).

WHEREFORE, Defendant, Scala Packing Company, Inc., denies that Plaintiff, PNC Bank, N.A. is entitled to judgment in the amount of $816,721.42 plus accrued interest and attorneys' fees to be computed when judgment is entered in this lawsuit.

Respectfully submitted,

By:    /s/ George P. Apostolides
One of the Attorneys for Defendant,
SCALA PACKING COMPANY, INC.

Michael L. Gesas
George P. Apostolides
Arnstein & Lehr LLP
120 S. Riverside Plaza
Suite 1200
Chicago, IL 60606
(312) 876-7100
Fax: (312) 876-0288
Firm ID 25188
8029648_1

4