**CREDIT EXTENSION AGREEMENT**

This Credit Extension Agreement (this "Agreement") is entered into as of January 31, 2006 ("Effective Date") between Cattleman's Meat Company, a Michigan corporation, whose address is 1825 Scott Street, Detroit, Michigan 48207 ("Cattleman's"), and Scala Packing Company, Inc., a/k/a Scala Packing Co., an Illinois corporation, whose address is 707 North Orleans St., Chicago, Illinois 60610 ("Scala").

RECITALS:

A. Cattleman's is in the business of processing and selling beef cuts, trimmings and other products (collectively, "Products") to meat processors, food services, and grocery retail customers.

B. Scala purchases Products from Cattleman's.

C. Cattleman's is willing to extend credit to Scala to assist Scala with its Product purchases from Cattleman's.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein and for good and other valuable consideration, Cattleman's and Scala agree as follows:

1. **Credit.**

    a. The parties acknowledge and agree that as of the Effective Date Cattleman's has extended credit to Scala for Product purchases in the principal amount of Three Hundred Eighty-Six Thousand Two Hundred Eighty-One and 00/100 ($386,281.00) Dollars (the "Current Credit").

    b. Cattleman's intends to sell additional Products to Scala on credit (individually, "Future Credit Advance;" collectively, "Future Credit Advances"), subject to, and in accordance with the terms of this Agreement. The aggregate amount of the Future Credit Advances shall not exceed Four Hundred Fifty Thousand and 00/100 ($450,000.00) Dollars, unless otherwise mutually agreed in writing by Cattleman's and Scala. The parties acknowledge that as of the Effective Date, Cattleman's has extended to Scala Future Credit Advances in the principal amount of Three Hundred Fifteen Thousand Forty-Nine and 00/100 ($315,049.00) Dollars.

2. **Repayment of Credit Advanced.**

    a. The Current Credit shall not commence to accrue interest until May 1, 2006. From and after May 1, 2006, interest shall accrue on the unpaid balance of the Current Credit, at the per annum rate of two (2) percentage points over the prime rate established by LaSalle Bank, N.A., as the same may vary from time to time (the "Applicable Rate"). On the first day of each month, commencing on March 1, 2006, Scala shall pay to Cattleman's the principal amount of Sixteen Thousand Ninety-Five and 04/100 ($16,095.04) Dollars, together with any accrued interest, until


PLAINTIFF'S EXHIBIT
Group 2A

such time as the Current Credit, together with all accrued and unpaid interest thereon, has been paid in full.

      b. Scala shall pay each Future Credit Advance within thirty-five (35) days after the date the Product, for which the Future Credit Advance was made, is shipped (the "Shipment Date") to Scala. Interest shall accrue at the Applicable Rate on each Future Credit Advance if not paid within thirty-five (35) days after the Shipment Date.

    3. **Security Agreement.**

      a. As inducement for Cattleman's to enter into this Agreement and as security for repayment of the credit advanced by Cattleman's to Scala hereunder, Scala has granted to Cattleman's a security interest in Scala's inventory and accounts and proceeds thereof, pursuant to a Security Agreement executed by Scala and dated of even date herewith (the "Security Agreement").

    4. **Events of Default.** The occurrences listed below shall be deemed events of default and shall entitle Cattleman's, at Cattleman's option and without notice except as required by law, to exercise any one (1) or any combination of remedies under this Agreement or permitted by law:

    a. the failure by Scala to make any payment when due under this Agreement within ten (10) days after written notice from Cattleman's, provided however that a minimum payment for any month of ten thousand ($10,000) plus interest shall prevent default;

    b. a default by Scala under the Mortgage, the Security Agreement, or any other agreement entered into between Cattleman's and Scala or by Scala in favor of Cattleman's, including, without limitation, any loan agreements, notes, and other security agreements;

    c. the appointment by a court of a receiver or trustee of Scala or for any property of Scala;

    d. a decree by a court adjudicating Scala a bankrupt or insolvent, or for the sequestration of any of Scala's property;

    e. the filing of a petition in bankruptcy by or against Scala under the federal Bankruptcy Code or any similar statute that is in effect;

    f. an assignment by Scala for the benefit of creditors or a written admission by Scala of the inability to pay debts generally as they become due; and

    5. **Default Remedies.** Upon the occurrence of an event of default, Cattleman's shall have the option, in addition to and not in lieu of all other rights and remedies provided by law, to: (a) without notice, except as expressly required by law, declare any and all credit extended hereunder, together with any and all interest accrued thereon, to be immediately due and payable;

and (b) institute any proceedings that Cattleman's deems necessary to collect such amounts and otherwise enforce the terms of this Agreement, the Security Agreement. Scala agrees to reimburse Cattleman's for any and all costs and expenses, including, without limitation, court costs, legal expenses, and reasonable attorneys' fees, incurred in collecting or attempting to collect the amounts owed by Scala to Cattleman's under this Agreement or incurred in any other matter relating to this Agreement.

6. **Acknowledgements by Scala.** Scala acknowledges and agrees that: (a) nothing contained in this Agreement shall obligate Cattleman's to make future Product sales/shipments or Future Credit Advances to Scala; and (b) Cattleman's may suspend Future Credit Advances hereunder at any time and from time to time without notice to Scala in Cattleman's sole discretion. All parties shall act in good faith.

7. **Waiver of Jury Trial.** CATTLEMAN'S AND SCALA ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT BUT THAT SUCH RIGHT MAY BE WAIVED. EACH PARTY, AFTER CONSULTING, OR HAVING THE OPPORTUNITY TO CONSULT, WITH COUNSEL OF ITS CHOICE KNOWINGLY AND VOLUNTARILY, AND FOR THE MUTUAL BENEFIT OF CATTLEMAN'S AND SCALA, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION REGARDING THE PERFORMANCE OR ENFORCEMENT OF, OR IN ANY WAY RELATED TO, THIS AGREEMENT.

8. **Venue and Jurisdiction.** Venue for any action brought with regard to this Agreement shall be in any appropriate Michigan court. Scala consents to personal jurisdiction over it by any Michigan courts to the extent personal jurisdiction may be necessary to enforce any of the provisions of this Agreement.

9. **Miscellaneous.** This Agreement shall be interpreted and construed in accordance with the laws of the State of Michigan. The parties may execute this Agreement in any number of counterparts, each of which, when executed shall have the force and effect of an original, but all such counterparts shall constitute one and the same agreement. For purposes of this Agreement, a facsimile signature shall be deemed the same as an original. If any paragraph, subparagraph, sentence or provision shall be invalid or unenforceable, it shall not affect any of the remaining provisions of this Agreement, and all provisions shall be given full force and effect separately from the unenforceable or invalid paragraph, subparagraph, sentence or provision as the case may be. Any waiver by either party of a breach of any provision of this Agreement shall not operate as or be construed to be a waiver of any other breach of said provision or of any breach of any other provision of this Agreement. The failure of any party to insist upon strict adherence to any term of this Agreement on any one (1) or more occasion(s) shall not be considered a waiver of or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement. Time is deemed to be of the essence of all undertakings and agreements of the parties hereto. This Agreement constitutes the entire understanding between the parties with respect to the subject matter of this Agreement and supersedes any prior discussions, negotiations, agreements and understandings. The terms of this Agreement may not be amended, waived, or modified except in a writing signed by both parties.

CATTLEMAN'S MEAT COMPANY,
a Michigan corporation

By: _____

Its: _____CEO_____

SCALA PACKING COMPANY, INC.,
a/k/a Scala Packing Co.,
an Illinois corporation

By: ___Pat Scala_____

Its: ___president_____